Good morning. The next case on our docket is 20-30323 United States v. Hoffman. Mr. Hoffman. Yes, Peter Hoffman in pro per, may it please the court. I was given a custodial sentence of 20 months based on an intended loss amount of approximately 3.6 million dollars. As Judge Dennis noted in his dissent on my first appeal, that intended loss amount is the basis for a custodial sentence. Otherwise the guideline range would be seven in probation and authorized sentence. I have in fact served a five-year probation sentence. Despite imposing this custodial sentence, the district court concluded that it is quote now the law of the case that the state suffered no actual pecuniary loss. There was no victim and no loss. As Judge Dennis stated in his dissent in my original appeal, this is a quote no loss victimless case. We delivered to the state an up and running production facility exactly what the state bargained for. The intended loss amount of the issue was calculated in a PSR issued before the district court conducted a hearing on the state's claim for restitution of the tax credits granted to my company based on our first audit report. As the record shows, we withdrew our second audit report when the state objected to it. The district court in its order dismissed the state's claim for As the district court stated in the order under review, this portion of the PSR is stale and inaccurate. The state did not appeal that order and hence it is res judicata that there was no victim and no loss in this case. As Judge Dennis stated in his dissent, the loss reflected in the PSR was a loss the state did not actually incur. And yet the custodial sentence before you was based on that intended loss amount which did not actually occur. When the state received our third audit report on completion of the project, the state itself in September of 2012, long before the indictment, reinstated all credits released based on our first audit report with full knowledge of the investigation. And I mean reinstated as proper when granted in 2009, not issued based on the third audit report. The state certified another 3.6 million of base investment for which to this day we have never received tax credits on that amount. The stale and inaccurate PRC issued before my first sentencing and the two PSRs thereafter issued all assess no actual or intended loss amount based on the third audit report issued on completion of the project and when it was placed in service. Intended loss amount and issue with us arises solely from the first audit report which was reinstated by the state and the second audit report which was withdrawn. As Judge Dennis stated in his dissent, the expenditures listed in the first and second audit report were not made all at the time the reports were issued but we quote did ultimately make these expenditures end quote. The district court stated that if he was not bound by the methodology of the first PSR, it would quote be persuaded regarding the government's failure to prove subjective intent concerning intended loss amount. The actual completion of the project negates any suggestion or finding that defendants purposely sought to inflict loss. The district court also acknowledged error in not making findings at my initial sentencing regarding the intended loss amount in the stale and inaccurate PSR but nevertheless felt bound by the first PSR which was rejected in the restitution order issue. The district court also included failure to make findings regarding the correct sentencing guidelines in a case of fraud and seeking government benefits which is section 2b 1.1 app note 3 f 2. That guideline is held in Nelson requires that the government prove that the government grant was diverted to some other non-approved purposes. No such line. Mr. Hoffman, may I inquire are you currently serving a sentence? I am. I just finished a five-year probation but I did not surrender for custody. The district court delayed my sentence until after this appeal and hopefully after the Brady motion that's now pending. Okay. Would you before you spend all of your time, would you please address first and foremost whether your notice appeal was timely? Sure. The issue is whether or not we were required to file a notice of appeal when the initial order was issued or whether that was pending. There are three supreme court decisions that have said that when you file a notice of reconsideration the appeal period doesn't continue until that ends. This court so held and I believe the Greenfield case but the important thing for us when we were looking at this question because naturally we were concerned about it was that there had been another case issued by this court an unpublished opinion which said that if we filed a notice of appeal while a motion for so we had a Hobson's choice. We either had to file you know and stop the motion for reconsideration by filing the appeal which would have been untimely because we had filed it or follow Greenfield and the Supreme Court and wait until that appeal that the reconsideration motion was determined. We feel the precedent in this court permits that and in any event we were faced with this Hobson choice where we could not just simply appeal and protect our right for the motion to reconsideration. They were inconsistent so that's why we believe it's timely and we believe the this court's precedent is squarely to that effect. I'd like to pose this question so both sides can have against you is and say that you were found to have intended a 3.5 million loss to the state. I don't think this record shows that you or your other defendants intended to pocket 3.5 million and I think as everybody recognizes the state did not lose anything. What you may be guilty of is you all were accelerating the time at which you realized having earned the credits maybe before they should have been. However, I saw nothing I don't know nothing about this case and I'll ask Mr. Cameron to just disabuse me. I don't know anything about this case that showed that y'all were going to make a big haul and personally become wealthy by taking 3.5 million. I think the record shows you completed what you were supposed to be under the tax incentive program. Maybe you didn't do everything you should have done on the way there but none of that to me indicates an intent to permanently and ultimately cause the state of Louisiana a loss of 3.5 billion. Yes, exactly. That's been our point throughout and there was never an evidentiary hearing to address that very question and as Judge Feldman said the very fact that we completed the building and put it in service and that was with a final cost report of 11.5 million dollars even if we had gotten 3.6 million in credits and we certainly didn't we got 1.1 that's obviously way less than the amount that was actually spent on the building and let me emphasize that the third PSR every one of them the first second and third PSR has never said there was any actual or intended loss amount in connection with the third audit report once the project was the court is indicating a disconnect between the statute itself which permits fraud I think there was no fraud here but assuming that's decided then there's still the question under the guidelines of whether or not by the end of the day we meant to go ahead and spend and deliver what we had promised the state we would deliver and we think the facts are clear that we finished the building and put it service and that means there is no intended loss under the sentencing guidelines what we tried to emphasize were a similar case where when you have a government contract and you make a false statement in obtaining the contract because of minority ownership but nevertheless you complete the building and do your work and it's fine the cases all say there's no intended loss amount and that's particularly the case in government benefits where there's a special sentencing guideline that says that you have to use it for unapproved purposes so it's like you said yeah but mr helpman that brings us to the mandate rule again does it not in other words exactly how was the district court's hands tied with respect to the arguments that you are now making I think it was because the mandate rule is comprised of two things law of the case and here there was no law of the case because no court has ever decided that there was an intended loss amount as just described or that there had been a hearing on whether or not we intended it so there was never any evidentiary finding and we didn't waive that argument as what happened in the monteleo case because we actually as the government acknowledged in our opposition brief we raised both of those questions both that the isn't all that tied to the apparent holding of the court appeals on the guideline range in other words once they have decided the guideline range in the previous appeal then these arguments that you are now making are precluded by the mandate rule am I correct or incorrect about that I believe you're incorrect sir and the reason is that the court of appeal did not make a finding on the guideline rules it assumed it assumed that judge there are no findings of fact as judge Feldman admitted his own error on that and having none of that the court of appeal simply assumed that there had been an assumption that the intended loss amount had been inferred but even if that were all true and even if the mandate rule applied which we don't think it does because there has never been any actual decision of an intended loss amount there are two things one we did raise these issues in our brief second we've made Brady arguments of evidence that goes to whether or not that should be put aside and most important the mandate rule is not a jurisdictional rule it is not something that limits this court's ability to do anything it can always be adjusted because of manifest injustice and here you have the court of the district court saying overtly gee if I had to deal with this now I would agree there's no intended loss it's hard to conceive of a more case of a manifest injustice should overcome whatever the mandate rule would apply although we again say it doesn't apply because we didn't waive it we raised the issues we didn't have to rave it because we didn't raise the appeal and no court lower or above despite our repeated objections to the intended loss amount has ever made a ruling including judge Costa he just assumed it was decided by judge Feldman and he I think that I think I basically covered it just one more thing there's a separate sentencing guideline that was also not taken into account and that is that you can get credit for the value you gave so as a set off against an intended loss amount no one has ever reviewed that and if you review that it also would allow for a consideration of taking into account which was not done the actual completion and putting the building in service but other than that I'll leave it at that and that's the balance of my time unless there's any other questions from the court Mr. Kammer sorry I had to unmute myself good morning your honors Dow Kammer for the United States um I'd like to start by um answering each each of your honors had a specific question and Judge Owen I'd like to start first with yours about the timeliness of the appeal in rule four since the Greenwood case was ruled the rule of appellate procedure four was amended in 2002 to deal with this particular situation which is that rule 35 does not suspend the time for the filing of a notice of appeal and the advisory committee notes on that amendment it actually mentions this court's ruling in the Karmush case and Karmush's case that the Karmush case talked about the first circuit's case in Morello to try to bring some clarity to that so under federal rules of appellate procedure as they exist now that is this this appeal is untimely it was not filed until 14 days after and it says that a rule 35 motion does not suspend the time for filing a motion is this a rule of 35 motion well judge he does in the original motions he didn't specify rule 35 he used common law motions like rule I mean does Greenwood still apply to a motion that's denominated as a common law motion it doesn't your honor and this this court held in Dorsey that rule 60 motions the civil law motions that Mr. Hoffman tried to use don't apply in the criminal law context but we have not specifically overruled Greenwood you have not your honor that is correct you have not and then the the um what I'm suggesting is is now that we have a change in the and the rules since Greenwood that that is something that the court should take into consideration as you have done in past cases when rules were the general on the common law right of appeal and rule 35 is the federal rule of civil procedure so still we have not overruled Greenwood that is true your honor technically the rules themselves are the the amendment to the rule uh does not affect Greenwood to the extent that it is based on a common law rule for appeal I would agree your honor to the extent it deals with a motion that's not specific to a final judgment of sentencing which this court held in bridges is a final judgment and it's set it's set differently than other motions other common law motions like under the Healy doctrine other motions in a criminal case could toll the time for filing a a um that that law still is fine just as long as it's not dealing with with a motion on a final sentence rule 3582 is very specific that it is a final sentence at that point and I believe that this court um has has said particularly in the Hankton case that district court can only do anything as long as it's a uncontroversial technical error within 14 days but the new amended rule to uh rule 4 2002 amendment says that that does not interrupt the 14 days to file the appeal but yes Judge Jolly I do agree that other motions that don't file into the sentencing world are dealing with the final judgment of sentencing would still apply under the Healy doctrine it could interrupt the appellate period um Judge Dennis I'd like to in this case I think it's undisputed in this case that the building that ended up at 807 Esplanade was a five million dollar home Mr. Hoffman and his co-defendants submitted 13 13 million dollars in expenses for that five million dollar home during the trial the government put on evidence that from the very get-go Mr. Hoffman intended in some of his board minutes that we put in there to pay for the entire cost of that building through no cash cost to the company through Louisiana tax credits and it was during I forget the record site for it but it was during the very end of Mr. Hoffman's cross examination that the government brought that to to the jury's attention so you are correct in the fact that there is a building that was built there but the concern here is the extravagant unsupported false expenditures that were submitted in order to pay that fully through tax credits and I'd like to point out something also to your honor that when when the district court ruled on this in the resentencing it made a specific finding that Mr. Hoffman deserved the 20 years of that time of imprisonment would have reasonable and it made a specific finding because of his leadership position and his perseverance in the scheme and that's consistent with what the district court said during the first sentence during the first sentencing the court stated and this would be at the record at page 11177 for the transcript of Mr. Hoffman's first sentencing that Mr. Hoffman's conduct is somewhat troubling the issue of the legal fees the conway fee and the conway fee was was a false a false payment to a a consultant that the consultant flew from from the united kingdom and testified that he never received his relationship with the contractor leo duvernay so judge feldman did find during the first sentencing and then made specific findings in the second sentencing that support that he feels that Mr. Hoffman went above and beyond and I think that your concerns judge dennis with the um the actual loss or the victim uh what the victim loss in this case clearly judge uh the the district court considered that in downward departing 148 months he took that into consideration along with this court's mandate and made his own individual finding that Mr. Hoffman's leadership role in his perseverance in the scheme made a 20-month sentence substantively reasonable um judge jolly with regard to the mandate rule i'd like to um address that address that briefly um this court does take a very limited role I mean a very limited scope of mandate in a criminal context um the court has recognized that the district court is not to do anything other than what this court mandates that it do this court considered the guidelines it was front and center of the uh of that entire lengthy opinion that was written Mr. Hoffman briefed in his reply brief most of the the objections to the sentencing that he did the first time that was before this court so all the issues regarding sentencing and sentencing guidelines were front and center before this court um and the court does take a limited mandate the court recognized that Mr. Hoffman's in its opinion recognized that Mr. Hoffman's guidelines would not change because of the accounts that this court instituted and that was in in contrast with what it said about the other defendant that was re-sentenced it recognized that his guidelines would have to be recalculated because the sentence the accounts of conviction that were reinstated instituted against him would require the guidelines would go up but it specifically said Mr. Hoffman's guidelines wouldn't change because of those and it mandated it for re-sentencing because probation was a step too far and and sent it down and then on remand with such a substantial downward variance by the district court clearly the district court took into consideration its concerns that Judge Dennis brings up and gave a vast downward departure but the the present sentence is 20 months is that it i'm sorry your honor what is the present sentence that Judge Feldman imposed on remand on remand 20 months judge and the the guidelines were 168 to 210 months you refresh me on this are you seeking any kind of are you appeal are you appealing the summons in any way no no your honor the government has not filed an appeal in this in this um in this matter okay so you're only the defendant just plainly a defendant in this yes your honor okay good thank you yes sir thank you um with regard i'd like to address a couple of a it comes to intended loss if you'll notice in the in the pre-sentence investigation from this from this re-sentencing at paragraph 62 there is a very lengthy well not lengthy it's a full page spreadsheet of the intended loss um amounts the fraudulent expenses that the government proved at trial listed in there are sections of are in parentheses are sections where the psr gives the defendant's credit for money that we could actually show that they expended for instance with the in the first audit report it gives them credit for the actual purchase price of the building it gives them credit for the money we could show that the contractor actually received so that was taken into consideration in the and where the guidelines ended up um that we that he was given credit for money that we could actually show that the people had expended but the people that took the stand and said they never received a dollar that would fall into intended loss so it was a purely fraudulent claim for an expenditure i'd like to um this kind of goes uh hand in hand with rule four to some extent but the district court correctly dismissed um mr hoffman's um motion under rule 35 now the judge analyzed it under 35 82 um but that is yeah the only thing that we can see out of 35 82 that would apply here is a rule 35 motion now judge felbin dismissed it approximately 86 days after the final sentencing happened and he did it on the merits and that that he did it according to this court's um holdings in cases like hankton where it has to be an uncontroversial um error a technical arithmetic arithmetic error that can be changed under that so that's where the judge um ended up dismissing the properly dismissing mr hoffman's motion for reconsideration however there's another reason it was the ruling was past 14 days and this court's case law is very clear that after 14 days there can be no correction to that sentence so for two reasons on the merits and because of the time period the case that mr hoffman cited to um to your honors in his reply brief the berry case it's a 2017 um uh fifth circuit case that um i believe he was referring to in his oral argument that's more recent case it does talk about greenwood in that case but it's a different different situation than what we have here so the berry case dealt with a motion from the defendant under 35 c because there had been a change in the guidelines the drug guidelines that applied to him and that's an authorized motion under rule 35 82 c the defendant then filed a motion or filed his notice of appeal and when this court reviewed it realized that the court below hadn't ruled on it yet it's it's a there's no time limit on a 35 82 c motion when there's been a change in guidelines it's completely so it recognized judge jolly what you were saying is is that by citing to greenwood that there are some situations where greenwood says it will told the period that you have to follow your notice of appeal but that's just not the case when it's a motion for reconsideration of a final sentence as it is in this case so the very case is not with where we are now the last two issues that mr hoffman brings up in his in his appeal is is first of all the discretion for the evidentiary hearings before this before this court and just briefly to walk you through everything that went on prior to this mr hoffman during the first sentence was given an extraordinary long we briefed the issues before the first sentence he was given a chance to object to the psr um we then came upon appeal the government noticed its appeal during the first sentence during the first um sentencing the government challenged the substantive reasonableness of the case of the of the sentence of the probation sentence in part based on the high guidelines mr hoffman was aware of that we brought the case we noticed a sentence of his appeal i noticed an appeal of his sentence to this court he was aware of that we then our main arguments and that what this court considered were the sentencing guidelines he replied to those then we got to the second three sentencing the judge ordered lots of briefing for that the point being your honors is that mr hoffman received tremendous due process in bringing his objections before the court and the court correctly ruled when it did it didn't need to give an evidentiary hearing it sat through all this briefing on on the facts and the issues of this case it sat through a two-week trial it sat through 500 exhibits that were that were presented during this trial and what's interesting is is that although mr hoffman asked for an evidentiary hearing before the second re-sentencing he didn't ask for an evidentiary hearing before the first sentencing that wasn't when we when we went into this well partially because we had just come through a lengthy trial and briefed it but that's was that's when we get to the second re-sentencing and the judge was just it's he did not abuse his discretion and not wanting to hear a rehash of everything that he had been briefed and witnessed in by himself your honors unless anybody has any other questions um for me i'd like to briefly conclude the mandate in this case was very limited and it was limited for mr hoffman to be probation and the district court correctly followed that mandate the u.s district court correctly dismissed this under rule 35 although dismissed the motion under rule 35 although it could it's also is was should have been dismissed because it was untimely and finally this this under the new 2002 amendments this court um the rule four uh makes makes this untimely because it wasn't filed until after 14 days thank you your honors mr hoffman yes just to correct a few things um as i the final audit report showed and i'm sorry 11 million five hundred thousand dollars of expenditures on this building the psr itself the psr itself does not suggest that any of those amounts were attended lost these were exactly amounts that were used to obtain federal historic rehabilitation credits which were fully allowed and never challenged so when he says there's only a quote five million dollar building end quote that statement is not supported by the record it assumes that the value of the real estate and all the costs associated with converting it to a post-production somehow don't count including the interest had that were properly charged to it so the statement that there's only five million and everything over that was somehow fraudulent is fully unsupported by the record uh again the government continues to make statements that there were false statements about what was paid the final audit report puts that to rest as judge dennis recognized in his defense everything in the final audit report was paid a specific reference to we claim we pay somebody else who was then responsible for that payment as was fully disclosed and was retracted in the third audit report so this was an 11.5 million dollar building but in any event it doesn't matter because the state itself reinstated 6.5 million so mr camera asked you to believe that the state itself was wrong that there was a 6.5 million dollar certified investment in this case now um second there has never been a hearing despite repeated requests including at the first um pre-sentence report on whether or not the government met its burden as required by the cases to establish not the parodic trial but the approval of an intended loss amount in any perjury that never happened the fact that it was also irrelevant because the judge make his decision based on the briefing he said he was bound by the by the mandate rule so therefore all of our briefing and all of the things we said were irrelevant so that you can't walk around an evidence you're hearing you have to then address the mandate rule and that falls because no one has ever considered it i have never had a chance to force the governments to its proof on the intended loss amount that was an intention and as judge Feldman said and he clearly believed based on the evidence there was no intended loss of math briefly on the issue of um uh the uh attempt to overrule greenfield the prosecutors are making a quite a uh a careful and in my opinion unsustainable distinction of case where a notice of appeal was considered untimely when a motion for reconsideration was pending but government seems to suggest because that motion for reconsideration in their opinion was well founded that therefore it shouldn't apply in my case where it assumes saying that my motion for reconsideration was also without merit among the merits in mind was the simple error that judge Feldman and made seeing me to get two more years of probation when that violated the five-year probation rule to say nothing of the new facts from the coronavirus infections so my motion for reconsideration was based on those limited grounds permitted by a common law motion for reconsideration it was not saying oh gee your honor we think you misapprehended the various enhancements or other aspects of the sentence so please rethink your sentence that what we were asking to do even if there was such a limited exception this was a common law motion for reconsideration and i said in the brief there is really no way to try to manage down that to some uh you know cases where it's only for the for the sentence even in the case in the seventh circuit if you throw out a case and give it a new trial it's obviously going to affect the sentence um so uh let me see if there's anything else all of this goes to the question of whether or not the proof thing that we put the building in service at a 11.5 million dollar cost that is not disputed even by the government in the psr establishes there was no intended loss amount your honors there was no intended loss amount because we did what we told the government we would do we completed the building as judge Feldman is recognized and as indeed the state itself recognized and i believe that ends my time thank you your honor for your attention thank you your case is under submission thank you